UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL JAMES DELEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00226-JAW |
| | ) | |
| MIRANDA S. JONES, ESQ. and | ) | |
| O'REILLY, GROSSO, GROSS & | ) | |
| JONES, P.C. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
REFERENCE TO APPEALS COURT OF MASSACHUSETTS DECISION**

With a jury selected and trial scheduled to begin on June 24, 2024, the plaintiff in this legal malpractice case has filed a motion in limine to prevent any evidence or argument concerning a decision of the Appeals Court of Massachusetts. The court concludes that evidence of the appellate decision should not be admitted or argued in the trial of this case.

I.   **BACKGROUND**

   A.   **Procedural Background**

This is a legal malpractice case in which the Plaintiff Michael DeLeo claims that Defendants Attorney Miranda S. Jones and her law firm, O'Reilly, Grosso, Gross & Jones, P.C., negligently represented him in a lawsuit brought by Anthony Vegnani against Mr. DeLeo and Mass Medical Services, Inc. *See DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bank. D. Me. 2021), *Compl.* (ECF No. 1). In his complaint, Mr. DeLeo alleged that the Defendants breached their duty of care and were negligent in their

representation of him in the underlying lawsuit. *Id.* Mr. DeLeo further alleged that as a direct and proximate result of the alleged negligence, he sustained damages in the amount of the judgment against him personally, interest on that judgment, and attorney's fees. *Id.*

On July 15, 2021, Mr. DeLeo amended his complaint, *DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bankr. D. Me. 2021), *Am. Compl.* (ECF No. 17), and moved the United States Bankruptcy Court for the District of Maine to withdraw the case from its docket and remove it to the United States District Court for the District of Maine. *DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bankr. D. Me. 2021)*, Mot. for Withdrawal of Reference* (ECF No. 18). This request was granted. *DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bankr. D. Me. 2021), *Order Granting Mot. for Withdrawal of Reference* (ECF No. 22); *DeLeo v. Jones*, No. 2:21-cv-00226-JAW (D. Me. 2021), *Order Granting Mot. to Withdraw Reference* (ECF No. 1). On August 10, 2021, the Jones Defendants answered, *DeLeo v. Jones*, No. 2:21-cv-00226-JAW (D. Me. 2021), *Answer to Compl. With Jury Demand* (ECF No. 3), and pre-trial motions practice and discovery began.

After the discovery period lapsed, on March 23, 2023, the Defendants filed a motion for summary judgment, *Mot. For Summ. J.* (ECF No. 33), and on March 25, 2024, the Court denied the motion for summary judgment. *Order Denying Mot. For Summ. J.* (ECF No. 47) (*Summ. J. Order*).

On May 8, 2024, the Court held a final pretrial conference and on the same day issued a final pretrial order. *Min. Entry* (ECF No. 59); *Report of Final Pretrial Conf. and Order* (ECF No. 60). The Court imposed a schedule for the filing of motions in

limine and responses. *Id.* at 2. On May 17, 2024, Mr. DeLeo filed a motion in limine asking that the Court "exclud[e] from evidence at trial any reference or argument concerning the decision of the Appeals Court of Massachusetts decision in the underlying lawsuit." *Pl.'s Mot.* In Limine *(No. 3) to Exclude Reference to Appeals Ct. of Mass. Decision* (ECF No. 64) (*Pl.'s Mot.*). On May 29, 2024, the Defendants objected. *Defs.' Obj. to Pl.'s Mot.* In Limine *(No. 3) to Exclude Reference to Appeals Ct. of Mass. Decision* (ECF No. 81) (*Defs.' Opp'n*).

### B.     The Massachusetts Appeals Court Decision

In 2015, Anthony Vegnani filed suit against Mass Medical Services, alleging that Mass Medical violated the terms of an employment agreement wherein Mass Medical agreed to employ him. *See Order on Mot. for Summ. J.* at 4 (ECF No. 47). Later, Mr. Vegnani added Mr. DeLeo as a co-defendant, alleging that Mr. DeLeo was a party to the employment agreement and that he had breached it. *Id.* at 4-5. The case went to trial in the Massachusetts Superior Court in April 2017. *Id.* at 8. After deliberations, the civil jury awarded Mr. Vegnani $464,952 against both Mass Medical and Mr. DeLeo for breach of contract. *Id.* at 9.

Mr. DeLeo obtained a new attorney and appealed the superior court's judgment to the Appeals Court of Massachusetts, but the Appeals Court affirmed the superior court's denial of Mr. DeLeo's post-trial motions. *Id.* at 9-10. In its opinion, the Appeals Court wrote that "[t]he balance of DeLeo's arguments, [including his argument as to personal liability,] were not properly raised below and thus were waived." *Id.* at 10. The Appeals Court added that the arguments "appear[ed] to be

without merit" and that "the agreement contemplated the duties and benefits to DeLeo himself (in addition to Mass Medical Services, Inc.) and thus plainly bound him individually." *Id.*

## II.   THE PARTIES' POSITIONS

### A.   The Plaintiff's Motion

In his motion, Mr. DeLeo says that he anticipates the Defendants "will argue that language in the Appeal Court's decision shows that Plaintiff's argument that he was not Mr. Vegnani's employer is either relevant to, or dispositive of, the employment question." *Pl.'s Mot.* at 2.  Mr. DeLeo contends that the Court "should exclude reference to the Appeals Court of Massachusetts decision." *Id.*

Mr. DeLeo argues that to "allow the jury to consider that decision is to invite it to speculate on the legal meaning of the opinion." *Id.*  He notes that the lawyers in this case "do not agree what the [Appeals] Court was opining, or indeed if the portion of the decision making reference to the employment defense is dicta." *Id.*  Mr. DeLeo quotes this Court's order on the motion for summary judgment as saying that "[a]s the language in the appellate decision is not binding and has limited persuasive value since it does not address the facts nor offer any decisional rationale, the Court finds this quoted language offers minimal, if any, persuasive support to the Jones Defendants' position." *Id.* (quoting *Summ. J. Order* at 44).

### B.   The Defendants' Objection

The Defendants acknowledge that the "Plaintiff correctly anticipates that the Defendants may utilize as evidence at the time of trial, the Decision of the

Commonwealth of Massachusetts Appeals Court." *Defs.' Obj.* at 1. The Defendants note that Mr. DeLeo does not cite any authority for his motion, merely quoting a portion of this Court's order on the motion for summary judgment. *Id.*

The Defendants contend that the "Appellate Court Decision specifically addresses the basis for the judgment that Mr. DeLeo now alleges should not have been entered against him." *Id.* The Defendants maintain that the Appeals Court decision "is entirely appropriate and relevant evidence" and "directly explains the obligations being enforced in the underlying matter." *Id.* at 2. They go on to say that "this explanation of the underlying employment agreement will be relevant to the examination of multiple witnesses, but not limited to Ms. Jones, Mr. Kazarian, and Mr. Tucker." *Id.*

As the "final decision in the case which gives rise to the Plaintiff's claims here," the Defendants view the Appeals Court decision as "clearly relevant," and they urge the Court to deny the motion in limine.

## III.   DISCUSSION

The Court does not agree with the Defendants that the Appeals Court decision is relevant to this legal malpractice case. Mr. DeLeo's claim is that Attorney Jones failed to present a defense as to his personal liability in the underlying case, and the jury imposed liability on him without any contrary argument at trial. The purpose of the upcoming trial is to present the "case within a case" to the jury and determine whether the personal liability defense will be successful. Presumably, this will mean that the parties will present evidence and argument to the jury about the nature of

the employment agreement, the negotiating parties, the circumstances of its drafting, the intent of the parties, and events after Mr. Vegnani's employment. At the close of evidence, the Court will instruct the jury as to the applicable law on this narrow issue. To this Court's knowledge, none of this was done during the original trial, which is the essence of the malpractice claim.

Furthermore, the Court reviewed *Vegnani v. Mass Medical Services, Inc.*, 2020 Mass. App. Unpub. LEXIS 877, 98 Mass. App. Ct. 1115, 157 N.E. 3d 101 (2020). In *Vegnani*, the Appeals Court focused on the proper interpretation of the employment contract's severance provisions, not the contract's enforceability against Mr. DeLeo. *Id.*, 2020 Mass. App. Unpub. LEXIS 877, at *1-2. Regarding Mr. DeLeo's contention on appeal that the agreement was not properly enforceable against him, the *Vegnani* Court wrote:

> The balance of DeLeo's arguments were not properly raised below and thus are waived. (citation omitted). In any event, they appear to be without merit: (1) the agreement contemplated the duties of and benefits to DeLeo himself (in addition to Mass Medical Services, Inc.) and thus plainly bound him individually; and (2) the agreement, which contained no time limit on its face, was in effect at the time of Vegnani's termination.

*Id.* at *2.

The *Vegnani* Court's holding was that Mr. DeLeo's personal liability argument had been waived. When it turned to the merits of his personal liability argument, the Appeals Court hedged its language: "they *appear* to be without merit." *Id.* (emphasis supplied). The Appeals Court reviewed the language of the agreement and in one line dismissed the personal liability issue.

The Court views the *Vegnani* Court's comments about Mr. DeLeo's personal liability as dicta and, as such, concludes that it is not appropriate evidence or argument before this jury. The fact is that the personal liability argument was never presented before the trial court in the underlying action, and it therefore cannot be said that the *Vegnani* Court's comments about Mr. DeLeo's personal liability under the Vegnani employment contract were grounded on a full evidentiary record and argument at the trial court level. Thus, the Court is chary about whether in the circumstances of this case, where the issue before the jury is the same issue that was before the Appeals Court, there is any probative value in allowing a jury to consider the Appeals Court ruling, based on an inadequate record and waived argument. This is particularly so in an unpublished disposition that is not binding precedent. *See See Order on Mot. for Summ. J.* at 44.

The Court's further concern is that whatever the probative value of the Appeals Court dicta may be, it would be outweighed by the likelihood of prejudice. FED. R. EVID. 403. In particular, the Court is worried that the jury will be confused as to why they are being asked to decide something already conclusively decided by an appellate court in Massachusetts and the impact of the appellate decision will be to deprive the Plaintiff of a fair consideration of whether the personal liability issue should have been raised in the first place. Moreover, to properly present this evidence and the counterargument, a jury would have to be instructed on the difference between a holding and dictum, and these issues would effectively ask a jury to be a judge and base its verdict on contested issues of law.

The bottom line is that the Court concludes that evidence and argument about the Appeals Court decision in *Vegnani* will not be allowed in the upcoming trial.

## IV.   CONCLUSION

The Court GRANTS the Plaintiff's Motion In Limine (No. 3) to Exclude Reference to Appeals Court of Massachusetts Decision (ECF No. 64).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2024

8