UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| MICHAEL JAMES DELEO, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 2:21-cv-00226-JAW |
| MIRANDA S. JONES, ESQ. and O'REILLY, GROSSO, GROSS & JONES, P.C. | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CLAIM DAMAGES**

With a jury selected and trial scheduled to begin on June 24, 2024, the defendants move in limine for an order to prohibit the plaintiff from asserting that he sustained certain damages. The court concludes that the wiser path is to allow the jury to consider the claimed damages and decide whether plaintiff proves his case.

**I.   BACKGROUND**

This is a legal malpractice case in which the Plaintiff Michael DeLeo claims that Defendants Attorney Miranda S. Jones and her law firm, O'Reilly, Grosso, Gross & Jones, P.C., negligently represented him in a lawsuit brought by Anthony Vegnani against Mr. DeLeo and Mass Medical Services, Inc. *See DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bank. D. Me. 2021), *Compl.* (ECF No. 1). In his complaint, Mr. DeLeo alleged that the Defendants breached their duty of care and were negligent in their representation of him in the underlying lawsuit. *Id.* Mr. DeLeo further alleged that as a direct and proximate result of the alleged negligence, he sustained damages in

the amount of the judgment against him personally, interest on that judgment, and attorney's fees. *Id.*

On July 15, 2021, Mr. DeLeo amended his complaint, *DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bankr. D. Me. 2021), *Am. Compl.* (ECF No. 17), and moved the United States Bankruptcy Court for the District of Maine to withdraw the case from its docket and remove it to the United States District Court for the District of Maine. *DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bankr. D. Me. 2021)*, Mot. for Withdrawal of Reference* (ECF No. 18). This request was granted. *DeLeo v. Jones*, Adv. Proc. 2:21-2005 (Bankr. D. Me. 2021), *Order Granting Mot. for Withdrawal of Reference* (ECF No. 22); *DeLeo v. Jones*, No. 2:21-cv-00226-JAW (D. Me. 2021), *Order Granting Mot. to Withdraw Reference* (ECF No. 1). On August 10, 2021, the Jones Defendants answered, *DeLeo v. Jones*, No. 2:21-cv-00226-JAW (D. Me. 2021), *Answer to Compl. With Jury Demand* (ECF No. 3), and pre-trial motions practice and discovery began.

After the discovery period lapsed, on March 23, 2023, the Defendants filed a motion for summary judgment, *Mot. For Summ. J.* (ECF No. 33), and on March 25, 2024, the Court denied the motion for summary judgment. *Order Denying Mot. For Summ. J.* (ECF No. 47).

On May 8, 2024, the Court held a final pretrial conference and on the same day issued a final pretrial order. *Min. Entry* (ECF No. 59); *Report of Final Pretrial Conf. and Order* (ECF No. 60). The Court imposed a schedule for the filing of motions in limine and responses. *Id.* at 2. On May 22, 2024, the Defendants filed a motion in limine asking that the Court "exclud[e] from evidence damages claimed by the

2

Plaintiff beyond his claimed settlement of the Vegnani judgment for $500,000.00." *Defs.' Miranda Jones, Esq and O'Reilly, Grosso, Gross & Jones, P.C.'s Mot.* In Limine *to Exclude Claimed Damages* at 1 (ECF No. 69) (*Defs.' Mot.*). On May 29, 2024, the Plaintiff responded. *Pl.'s Resp. to Defs.' Mot.* In Limine *to Exclude Claimed Damages* (ECF No. 84) (*Pl.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. The Defendants' Motion

In their motion, the Defendants say Mr. DeLeo claims the following damages:

| | | |
|---|---|---|
| 1. | Settlement with *Vegnani*: | $500,000.00 |
| 2. | Interest on loan to pay *Vegnani* settlement: | $39,118.46 (continues to accrue) |
| 3. | Legal fees in connection with bankruptcy proceeding: | $153,278.71 |
| 4. | Fees to United States Bankruptcy Trustee: | $5,166.00[1] |

*Defs.' Mot.* at 2 (citing *Pl.'s Michae[l] DeLeo's Pretrial Mem.* at 2 (ECF No. 58)).

The Defendants agree that Mr. DeLeo may bring a claim for the original judgment of $500,000.00, but object to the remaining three categories, arguing that they are "consequential damages," not legally recoverable in a legal malpractice action. *Defs.' Mot.* at 2. Quoting *Cintra v. Law Office of Dane M. Shulman*, 2011

---

[1] Mr. DeLeo listed a fifth category of damages: Medlogix Payment of $49,990.00. *Pl.'s Michae[l] DeLeo's Pretrial Mem.* at 2 (ECF No. 58). However, in response to the Defendants' motion in limine, Mr. DeLeo confirmed that he is not pressing the MedLogix damage claim. *Pl.'s Opp'n* at 1 ("At the outset, Plaintiff notes he will not be seeking damages related to the Medlogix Payment and therefore will not address Defendants' argument on the same"). The Court has therefore not discussed this abandoned claim.

Mass. Super. LEXIS 65, 28 Mass. L. Rep. 271 (Sup. Mass. 2011), the Defendants argue that under Massachusetts law, "the full amount of the Plaintiff's damages in [a] legal malpractice actions is determined by the size of the judgment lost in the underlying action." *Defs.' Mot.* at 2 (citing *Cintra*, 2011 Mass. Super. LEXIS 65, at *3).

First, the Defendants point out that speculative, remote, or not reasonably foreseeable damages may not be recovered. *Id.* Instead, they argue, a defendant may be held responsible only for damages she proximately caused. *Id.* The Defendants assert that the "damages identified as items two through [four] by the Plaintiff . . . are outside of those reasonably expected to flow from the alleged malpractice contained in Ms. Jones' handling of the underlying litigation between Mr. DeLeo and Mr. Vegnani." *Id.* at 3.

Specifically, the Defendants state that "interest on a loan to pay the Vegnani settlement is not recoverable," because "[d]amages do not turn on whether a particular plaintiff has the liquidity to pay a judgment or not." *Id.* at 3. Next, the Defendants maintain that "legal fees in connection with the bankruptcy proceeding and fees to the United States Bankruptcy Trustee are based upon the independent decisions of Mr. DeLeo, and are not appropriately recoverable in this malpractice action." *Id.* at 4. The Defendants point out that Mr. DeLeo's bankruptcy was caused by multiple creditors, not just Mr. Vegnani, and his own decisions about his financial affairs should not form a basis for a damages award against them. *Id.* at 4. They note that an award of attorney's fees would violate the so-called American Rule,

where parties are responsible for their own attorney's fees. *Id.* at 4-5. In sum, the Defendants ask the Court to exclude Mr. DeLeo's claims for damages other than the amount of the underlying judgment. *Id.* at 5-6.

### B.  The Plaintiff's Response

Mr. DeLeo asserts that all remaining categories of damage were "a reasonably foreseeable result of Defendants' negligence in the underlying action." *Pl.'s Resp.* at 1-2.

Citing *Shimmer v. Foley, Hoag & Eliot, LLP*, 795 N.E.2d 599 (Mass. App. Ct. 2003), Mr. DeLeo says that "[f]oreseeable loss in a legal malpractice case includes the reasonable amount of legal fees and costs the plaintiff paid to fix the problem caused by the defendant-attorney's negligence." *Id.* Mr. DeLeo cites caselaw that supports his contention that "bankruptcy attorney fees and costs are recoverable as consequential damages." *Id.* at 2-3. Mr. DeLeo admits that he had debts other than the *Vegnani* judgment, but he observes that he had been able to manage his debt until the *Vegnani* verdict. *Id.* at 3. Finally, he contends that the jury should decide this issue. *Id.*

### III.  DISCUSSION

#### A.  Caselaw: A Review

In their motion, the Defendants rely heavily on the Massachusetts Superior Court decision in *Cintra*, 2011 Mass. Super. LEXIS 65 (Sup. Mass. 2011). However, the Court views *Cintra* as having limited applicability to the issue before the Court.

5

In the underlying case, Mr. Cintra, the plaintiff, was represented by Attorney Shulman, the defendant. *Id.* at *1. Mr. Cintra alleged that Attorney Shulman failed to properly serve the negligent party, which resulted in a dismissal of the plaintiff's case, and that Attorney Shulman's delays in filing exhausted the statute of limitations on the claims, so that once dismissed, the claims could not be brought again. *Id.* at *1-2.

In response to the dismissal of his claims, the *Cintra* Plaintiff filed a legal malpractice lawsuit against Attorney Shulman, claiming he sustained damages due to Attorney Shulman's professional negligence. A jury returned a verdict in the amount of $81,250.00 against Attorney Shulman. *Cintra*, 2011 Mass. Super. LEXIS 65, at *10-11. After the verdict, Mr. Cintra moved for entry of judgment against Attorney Shulman in the full amount of the verdict plus $14,381.25 in litigation costs. *Id.* at *1.

Attorney Shulman defended the motion for entry of judgment, in part, by asserting that Mr. Cintra was not entitled to the full amount of the jury verdict, because "the plaintiff's award should be reduced by the amount represented by the contingent fee agreement, and that the costs sought by the plaintiff are excessive." *Id.* at *1. In the words of the Massachusetts Superior Court, Attorney Shulman raised the "novel" defense that if he had been successful in the underlying lawsuit, Mr. Cintra would have owed him a contingent fee, which would have entitled Attorney Shulman to one-third of any award Mr. Cintra had recovered against the tortfeasor. *Id.* at 2. Attorney Shulman asked that the award be reduced by one-third

6

to reflect this argument and, for support, pointed to First Circuit authority: *Moores v. Greenberg*, 834 F.2d 1105 (1st Cir. 1987).

The Massachusetts Superior Court rejected the notion that the jury verdict against Attorney Shulman should be reduced by his contingent fee. *Cintra*, 2011 Mass. Super. LEXIS 65, at *3-5. It was in this context that the Superior Court wrote that "the full measure of the plaintiff's damages in the malpractice action is determined by the size of the judgment lost in the underlying action." *Id.* at *3. This only means, in the context of *Cintra*, where there was no underlying action, that the full amount of the jury award in the legal malpractice case should not be reduced. Attorney Shulman did not claim, as claimed here, that the jury award itself included inappropriate categories of damages, limiting *Cintra*'s usefulness.

In support of the "full measure" proposition, however, the *Cintra* Court cited *Carbone v. Tierney*, 151 N.H. 521, 864 A.2d 308 (2004). Like *Cintra*, the New Hampshire Supreme Court concluded that a plaintiff's judgment against an attorney should not be reduced by the amount of the negligent attorney's contingent fee. *Carbone*, 151 N.H. at 534-35.

The *Carbone* Court also described the "well-established principle that in a legal malpractice action, a plaintiff is entitled to recover damages for his actual loss, which is 'measured by the judgment the plaintiff lost in the underlying action.'" *Id.* at 534 (quoting *Kituskie v. Corbman*, 552 Pa. 275, 282-83, 714 A.2d 1027 (1997)). In *Kituskie*, the Supreme Court of Pennsylvania wrote:

> [T]he plaintiff in a legal action should only be compensated for his actual losses. *See Rizzo v. Haines*, 520 Pa. [484,] 499, 555 A.2d [58,] 65 [(1989)].

7

> Actual losses in a legal malpractice action are measured by the judgment the plaintiff lost in the underlying action and the attorney who negligently handled the underlying action is the party held responsible for the lost judgment. However, as noted by the Superior Court, "it would be inequitable for the plaintiff to be able to obtain a judgment against the attorney which is greater than the judgment that the plaintiff could have collected from the third party; the plaintiff would be receiving a windfall at the attorney's expense." *Kituskie v. Corbman*, 452 Pa. Super. 467, 473, 682 A.2d 378, 382 (1996).

552 Pa. at 282-83.

Finally, in *Moores v. Greenberg*, applying Maine law, the First Circuit reduced the malpractice verdict by the negligent lawyer's contingent fee. 834 F.2d at 1109-10. However, the First Circuit went on to say that "[t]he jury could also have awarded the plaintiff any other damages actually caused by the negligence, *see Wendward Co. v. Grp. Design, Inc.*, 428 A.2d 57, 61-62 (Me. 1981), but Moores proves none." *Id.*

**B.    Analysis**

In Jack H. Simmons, Donald N. Zillman & Robert H. Furbish's treatise on MAINE TORT LAW § 9.29 (2018 ed.), the authors describe the law's treatment of different awards:

> When the injury suffered is the loss of a claim, the measure of damages is what the client would have recovered (i.e., the amount of the probable award) . . .. When the injury suffered is an adverse judgment, the judgment generally sets the measure of damages. When the injury suffered is a lost settlement opportunity, the measure of damages is the settlement amount, provided that neither the fact or settlement nor the settlement amount is deemed too speculative.

This differentiation among types of claims is helpful. Here, Mr. DeLeo's claim falls in the second category; "the injury suffered is an adverse judgment" and therefore, the amount of the judgment "generally sets the measure of damages." *Id.*

The question, then, is whether a client is restricted to the judgment amount as the only measure of damages.

Relying on caselaw that prohibits juries from imposing speculative damages, the Defendants point to District Judge D. Brock Hornby's opinion in *In re: Hannaford Bros. Co. Customer Data Security Breach Litigation*, 660 F. Supp. 2d 94 (D. Me. 2009). In that case, Judge Hornby addressed damages claimed by plaintiffs whose confidential financial and personal information was hacked from Hannaford Bros.' systems. *See id.*, 613 F. Supp. 2d 108, 115-16 (D. Me. 2009).

Noting Maine law against the recovery of damages that are "speculative, remote, or not reasonably foreseeable," Judge Hornby ruled that the plaintiffs' claims of "temporary lack of access to funds or credit, the annoyance from cancelled hotel reservations, and the embarrassment of obtaining a family loan" were "speculative and therefore unrecoverable." *Id.*, 660 F. Supp. 2d at 100-101. Judge Hornby ruled the same way on plaintiffs' claims for "[d]amages for overdraft fees or loan interest or for bank fees charged when customers changed bill-paying arrangements . . . [and] "[d]amages for lost reward points." *Id.* at 101.

The Court agrees with the general principles of damages law cited and applied by Judge Hornby in his ruling, where multiple customers were claiming a wide range of damages from the hack of the Hannaford information technology system. But this case seems dissimilar. Attorney Jones was representing only Mr. DeLeo in the underlying suit, and, as Mr. DeLeo's lawyer, she may well have been aware of enough

9

details about his financial situation to make the consequences of a large adverse verdict reasonably foreseeable to her.

For example, if the trial evidence reveals that through her representation of Mr. DeLeo, Attorney Jones learned about his precarious finances and knew he would be unable to pay a large verdict without severe financial hardship, a jury could find that his resort to borrowing and/or bankruptcy would be a "foreseeable cause" of her negligence. This conclusion is generally consistent with Massachusetts legal malpractice precedent, which provides that "where the injury to the client arises from his payment of unnecessary legal fees and costs, evidence of such an expenditure is sufficient to establish the client's loss." *Shimer*, 59 Mass. App. Ct. at 315, n.15; *see generally Kiribati Seafood Co., LLC v. Dechert, LLP*, No. 1384CV02393-BLS2, 2016 Mass. Super. LEXIS 31, at *42 (Sup. Ct. Mass. Apr. 7, 2016).

Whether this recovery extends to costs from a bankruptcy caused by legal malpractice is less clear. Even so, whether the *Vegnani* judgment was the straw that broke Mr. DeLeo's financial back or whether he would have declared bankruptcy in any event is a jury question.

Mr. DeLeo cites two cases in which bankruptcy attorney fees and costs were deemed recoverable. *Pl.'s Resp.* at 2-3 (citing *In re Dewey Ranch Hockey, LLC*, No. 414 B.R. 577 (Bankr. D. Ariz. 2009); *Standing v. Midgett*, 850 F. Supp. 396, 401 (E.D.N.C. 1993)). Although these cases stand for the proposition that bankruptcy attorney's fees and expenses are potentially recoverable, neither is a legal malpractice case nor binding upon this Court. By contrast, the Defendants have written that

10

"despite extensive research, counsel for the Defendants has been unable to identify any Anglo-American jurisdiction which has allowed recovery for ensuing bankruptcy costs in the context of a legal malpractice action or any similar professional liability claim." *Defs.' Mot.* at 5. In view of the absence of any direct authority on this narrow issue, the Court falls back to the general proposition that it is the plaintiff's burden to demonstrate that the claimed damages were reasonably foreseeable and not speculative.

It is the First Circuit's last comment in *Moores* that is decisive. The *Moores* Court wrote that "[t]he jury could also have awarded the plaintiff any other damages actually caused by the negligence." 834 F.2d at 1109-10. The First Circuit explained that the plaintiff in *Moores* would be required to demonstrate that the claimed damages "[were] a foreseeable consequence of [the] defendant's negligence." *Id.* at 1109. This same standard applies in the commonwealth of Massachusetts. *Alicea v. Commonwealth*, 466 Mass. 228, 235, n.9, 993 N.E.2d 725 (2013); *Correia v. Fagan*, 452 Mass. 120, 127, 891 N.E.2d 227 (2008) ("A plaintiff seeking to prevail on a claim of legal malpractice must establish . . . reasonably foreseeable loss [for damages] caused by [the attorney's] negligence"); *Fishman v. Brooks*, 396 Mass. 643, 646, 487 N.E.2d 1377 (1986) ("An attorney who violates this duty is liable to [her] client for any reasonably foreseeable loss caused by [her] negligence"). In the Court's view, this determination must be made in this case by a jury.

This does not mean that a jury would be compelled to make this finding. Attorney Jones will be free to argue that a damage award beyond the judgment in the

underlying case would be "remote, speculative, hypothetical, and not within the realm of reasonable certainty." *Kitner v. CTW Transp., Inc.*, 53 Mass. App. Ct. 741, 748, 762 N.E.2d 867 (2002) (quoting *Lowrie v. Castle*, 225 Mass. 37, 51, 113 N.E. 206 (1916)). In addition, the Court expects to instruct the jury that Mr. DeLeo bears the burden to prove by a preponderance of the evidence that he sustained damages as a consequence of the Defendants' negligence and that the jury may not base a damage award on guesswork or speculation.

Here, given the degree of uncertainty presented by the parties' memoranda, the wiser course is to submit the damage categories to the jury for resolution with proper instructions on the burden of proof, the need for Mr. DeLeo to prove the claimed damages were reasonably foreseeable, and a warning against issuing an award based on speculation. If the jury concludes that the Plaintiff failed to demonstrate that these claimed categories of additional damage are reasonably foreseeable or speculative, the issue will be resolved against the Plaintiff. If the jury concludes that the Plaintiff is entitled to recover these additional categories of damages or some of them, the Court may revisit these issues of law, and counsel will have the opportunity to provide the Court with further authority.

## IV. CONCLUSION

The Court DISMISSES without prejudice the Defendants' Miranda Jones, Esq and O'Reilly, Grosso, Gross & Jones, P.C.'s Motion In Limine to Exclude Claimed Damages (ECF No. 69).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2024